

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EMANUEL C. SIMMONS,

    Petitioner,

v.                                          Civil Action No. **3:09CV406**

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Emanuel C. Simmons, a Virginia prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In his § 2254 Petition, Simmons raised the following grounds for relief:

> Claim One    Counsel was ineffective for failing to argue to the court during the preliminary hearing that the in-court identification of the Petitioner by Jack Groder was inherently incredible and thereby inadmissible; and, because Groder failed to give a description prior to trial and did not select the Petitioner from a photo line-up.
>
> Claim Two    Counsel was ineffective for failing to file a motion to suppress the in-court identification of the Petitioner by Jack Groder because Groder failed to give a description prior to trial and did not select the Petitioner from a photo line-up.

*Simmons v. Johnson*, No. 3:09CV406, 2010 WL 883826, at *1 (E.D. Va. Mar. 11, 2010), *aff'd* 396 F. App'x 963, 964 (4th Cir. 2010). By Memorandum Opinion and Order entered on March 11, 2010, the Court dismissed Petitioner's claims as lacking in merit. (*Id.* at *2–5.) The matter is before the Court on Simmons's Motion for Relief Under Rule 60(b)(6) ("Rule 60(b) Motion," ECF No. 28.) For the reasons set forth below, the Rule 60(b) Motion will be DENIED.

# I. RULE 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Simmons relies on Rule 60(b)(6) to bring this motion. (Rule 60(b) Mot. ¶ 5.) Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Shanklin v. Seals*, No. 3:07cv319, 2011 WL 2470119, at *2 (E.D. Va. June 21, 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). As pertinent here, courts have held that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

# II. ANALYSIS

Here, the thrust of Simmons's argument is that the Court erred when it deferred to the state habeas court's findings in determining that his ineffective assistance of counsel claims lacked

merit. Simmons vaguely suggests that the dismissal of his claims was incorrect in light of the decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). (Rule 60(b) Mot. ¶¶ 7–14.) Simmons also argues that the Court should have afforded him an evidentiary hearing prior to dismissing his claims. (Id. ¶¶ 18–26.)

As a preliminary matter, Simmons's challenge under *Martinez* makes little sense. "The decision in *Martinez* 'relates to excusing a procedural default of ineffective-trial-counsel claims in an initial § 2254 petition....'" *Ward v. Clarke*, No. 3:14CV11–HEH, 2014 WL 5795691, at *3 (E.D. Va. Nov. 6, 2014) (quoting *Lambrix v. Sec'y, Fla. Dep't Corr.*, 756 F.3d 1246, 1260 (11th Cir. 2014)). Simmons's claims were not found to be procedurally defaulted. Thus, it is unclear why Simmons believes *Martinez* undermines the dismissal of his ineffective assistance of counsel claims on the merits. These are are ostensibly outside of the reach of *Martinez*. Nevertheless, no need exists to ascertain Simmons's exact theories for relief because, as explained below, his Rule 60(b) Motion is untimely no matter the claim, and the decision in *Martinez* fails to constitute an extraordinary circumstance within the parameters of Rule 60(b)(6).

Under Federal Rule of Civil Procedure 60(c)(1), Simmons was required to file his motion within a reasonable time after the entry of the March 10, 2010 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Simmons's Rule 60(b) Motion, filed over nine years after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491

F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, the United States Court of Appeals for the Fourth Circuit has concluded that the decision in *Martinez* is not an extraordinary circumstance warranting relief under Rule 60(b)(6). *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016) (concluding that petitioner's "motion for relief invoking the change in procedural default rules occasioned by *Martinez* falls well short of 'extraordinary'").

Lastly, Simmons asserts that *Buck v. Davis*, 137 S. Ct. 759 (2017), allows this Court to review the amount of deference this Court should have accorded the state habeas court's determination of his claims. (Rule 60(b) Mot. ¶¶ 8, 11, 27.) The United States Court of Appeals for the Eighth Circuit aptly summarized *Buck* as follows:

> In that case, Buck sought federal habeas relief under 28 U.S.C. § 2254, contending that his trial counsel's introduction of expert testimony reflecting the view that his race predisposed him to violent conduct violated his Sixth Amendment right to counsel. His claim, however, was procedurally defaulted under *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). Thereafter, the Supreme Court issued *Martinez* . . . . modifying the *Coleman* rule. Following [*Martinez*], Buck sought to reopen his § 2254 case under Rule 60(b). The district court denied his motion. The Supreme Court, however, concluded that the district court abused its discretion in denying the motion because "extraordinary circumstances" existed. First, "Buck may have been sentenced to death in part because of his race." *Id.* at 778. Second, Buck's underlying ineffective-assistance claim was race-based and "injure[d] not just the defendant, but 'the law as an institution, . . . the community at large, and . . . the democratic ideal reflected in the processes of our courts.'" *Id.* (quoting *Rose v. Mitchell*, 443 U.S. 545, 556, 99 S. Ct. 2993, 61 L.Ed.2d 739 (1979)). Third, the case's extraordinary nature was confirmed by the State's refusal to confess error in Buck's case, despite admitting error in similar cases. *Id.*

*Davis v. Kelley*, 855 F.3d 833, 835–36 (8th Cir. 2017) (second alteration in original).

Like the petitioner in *Davis*, Simmons "has failed to present extraordinary circumstances mirroring those demonstrated in *Buck*." *Id.* at 836. "*Buck* focused on the race-based nature of the case and its far reaching impact on the community by the prospect of a defendant having been

4

sentenced to death because of his race. These extraordinary facts have no application to the present case." *Id.* Accordingly, Simmons's Rule 60(b) Motion (ECF No. 28) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6 March 2020
Richmond, Virginia

/s/ JG
John A. Gibney, Jr.
United States District Judge